<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MITCH WEST, | Civil Action No. 26-00784 |
| *Plaintiff,* | |
| v. | **OPINION AND ORDER** |
| ALASHA MELVIN, *et al.,* | April 27, 2026 |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Mitch West's ("Plaintiff") filing

of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (ECF 1,

"Complaint" or "Compl."), and this Court having *sua sponte* reviewed the Complaint for

sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without

paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit

demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous,

"fails to state a claim upon which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), e(2)(B); *see Shorter v. United

States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.

Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in

forma pauperis* is warranted, and the application is **GRANTED**; and

1

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants Kintock #3 – Newark, Parole District Office #17, Alasha Melvin, or Sergeant M. Araya, ("Defendants") violated Plaintiff's rights. *Iqbal*, 556 U.S. at 679; *see also* Fed. R. Civ. P. 8(a)(2). In the Complaint, Plaintiff alleges that they were called a "faggot" by the manager on shift at Kintock #3 – Newark on September 14, 2025. (Compl. ¶ 6.) Plaintiff also alleges that Defendant Alasha Melvin discussed Plaintiff's personal information with another parolee on October 6, 2025, which created a "more hostile environment" for Plaintiff who identifies as transgender. (*Id.*)  Plaintiff contends that they informed their assigned parole officer

2

about such incidents but to no avail. (*Id.* ¶ 5.) Accordingly, Plaintiff alleges that their "right to be treated with courtesy, consideration, respect, and with recognition of . . . dignity" was violated under New Jersey Administrative Code § 8:111-17.2(a)(11) and that they were "discriminated against due to [their] sexual preference." (*Id.* ¶ 4.); and

**WHEREAS** Plaintiff references New Jersey Administrative Code § 8:111-17.2(a)(11). (*Id.* ¶ 4.) This provision of the New Jersey Administrative Code governs the requirements for residential substance use disorder treatment facilities to "establish, implement and conspicuously post written policies and procedures regarding the rights of clients." N.J. Admin. Code § 8:111-17.1-2. However, it does not contain a private right of action. *See id.* Instead, the Court construes Plaintiff's Complaint as a suit filed pursuant to 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of their constitutional rights, and § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit inequity, or other proper proceeding for redress . . .

Therefore, to state a claim of relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused ***by a person acting under color of state law***. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (emphasis added). In sum, a plaintiff must allege that they were deprived of a federal constitutional or statutory right ***by a state actor***. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (emphasis added). Plaintiff has not alleged any facts demonstrating that Defendants Kintock #3 – Newark or Alasha Melvin are state actors. (*See generally* Compl.) Plaintiff alleges they were called a "faggot" by an unnamed

3

manager at the Kintock #3 – Newark building and that Alasha Melvin is an assessment counsellor who told their personal information to another parolee. (*Id.* ¶ 6.) Plaintiff also alleges that they informed their parole officer of the incidents. (*Id.* ¶ 5.) Such facts demonstrate that Kintock #3 – Newark, the unnamed manager, and Alasha Melvin are presumably private entities. Accordingly, the Court will dismiss Plaintiff's claims against Kintock #3 – Newark and Alasha Melvin without prejudice for failing to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; and

**WHEREAS** Plaintiff seeks relief in the form of the termination of Defendant Alasha Melvin for allegedly "writing fake and misleading infractions as retaliation" for Plaintiff voicing their grievances. (Compl. ¶ 7.) Plaintiff does not articulate a particular law on which to base their retaliation claim in the Complaint, but Plaintiff asserts that they have a protected liberty interest to be free from retaliation for voicing their grievances. (*See id.*) Viewing Plaintiff's *pro se* Complaint liberally, the Court will construe Plaintiff's retaliation claim as arising under the First Amendment. To state a plausible First Amendment retaliation claim, a plaintiff must allege that: (1) they engaged in constitutionally protected conduct; (2) they suffered an adverse action sufficient to deter a person of ordinary firmness from exercising their constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (per curiam). As discussed above, Plaintiff fails to allege any facts demonstrating that Alasha Melvin is a state actor. Plaintiff also fails to allege facts demonstrating the retaliatory behavior Defendant allegedly engaged in. (*See generally* Compl.) Accordingly, Plaintiff fails to allege sufficient facts to establish a First Amendment retaliation claim, and the Court will dismiss Plaintiff's claims against Defendant

4

Alasha Melvin without prejudice for failing to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; and

**WHEREAS** Plaintiff has filed a § 1983 claim against a parole district office and Sergeant M. Araya and seeks injunctive relief in the form of time served for the remainder of their parole sentence.  (*See generally* Compl.)  The Eleventh Amendment bars a § 1983 claim to the extent it seeks non-injunctive relief against the defendants in their official capacities. It imposes a jurisdictional bar against individuals bringing suit against a state or its agencies in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Moreover, the bar extends to claims against a state official in his or her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). Eleventh Amendment immunity, however, is not absolute. While the Eleventh Amendment's sovereign immunity provision precludes claims against state officials for monetary damages, it does not prohibit claims for prospective injunctive relief against such state officials. *Hindes v. FDIC*, 137 F.3d 148, 165 (3d Cir. 1998) (holding that a state official may be sued in his official capacity for prospective injunctive relief); and

**WHEREAS** it appears that Plaintiff may be attempting to bring a supervisory liability claim against Parole District Office #17 and Sergeant M. Araya arising out of their underlying claims related to conduct at the Kintock #3 – Newark building. As illustrated above, Plaintiff has failed to state an underlying claim arising as to his treatment at Kintock #3 – Newark. As a result, Plaintiff also fails to state a supervisory claim against Parole District Office #17 and Sergeant M. Araya as supervisors. Furthermore, this Court analyzes supervisory claims using one of two theories.

5

First, a supervisor can be held liable if he or she "established and maintained a policy or custom which directly caused the constitutional harm" and the supervisor can also be liable if he or she "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). To establish a claim under the first theory, Plaintiff would have to show (1) the existence of a policy or practice that created an unreasonable risk of a constitutional violation; (2) the supervisor's awareness of the creation of the risk; (3) the supervisor's indifference to the risk; and (4) that the plaintiff's injury resulted from this policy or practice. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

Second, a supervisor can be held liable if he or she engaged in deliberate indifference, which can be demonstrated by "evidence that the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries." *Id.* To establish a claim under the second theory, Plaintiff would have to show (1) that the parole official had knowledge of the parolee's problem (2) that the parole official either failed to act or took any ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference, and (3) a causal connection exists between the official's response and the harm. *Id.* at 1110. Here, the Complaint fails to allege sufficient facts under both theories. Plaintiff does not allege that any policy or practice created the harm that Plaintiff alleges nor do they allege a causal connection between the parole official's response and the harm. Accordingly, the Court will dismiss Plaintiff's claims against Parole District Office #17 and Sergeant M. Araya without prejudice for failing to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. Therefore, the Complaint, in its entirety, is dismissed without prejudice.

6

**IT IS** on this 27th day of April 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED** pending the submission of Plaintiff's amended complaint.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**